| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter __11__ |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Arsenal Health, LLC** |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **IronRe Health** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **83-4125247** |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**120 18th Street South, Suite 201, Birmingham, Alabama 35233**<br>Number, Street, City, State & ZIP Code<br><br>**Jefferson County**<br>County | **Mailing address, if different from principal place of business**<br><br>**7027 Halcyon Park Drive, Montgomery, Alabama 36117, c/o 3H Agent Services, Inc.**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **https://ironrehealth.com/** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Arsenal Health, LLC**     Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5242**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

Debtor  **Arsenal Health, LLC**                                    Case number (*if known*)
        Name

List all cases. If more than 1,
attach a separate list              Debtor    *See* Schedule 1                        Relationship
                                    District                    When                  Case number, if known

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:* |
|---|---|---|
| | | ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No ☐ Yes. |
|---|---|---|

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

**Statistical and administrative information (on a consolidated basis)**

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|
| | | ☒ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | **Estimated number of creditors** (On a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☒ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

| 15. | **Estimated Assets** (On a consolidated basis) | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☒ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| 16. | **Estimated liabilities** (On a consolidated basis) | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☒ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| Debtor | **Arsenal Health, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **01/26/2023**
MM / DD / YYYY

**X** */s/ Michael Wyse*          **Michael Wyse**
Signature of authorized representative of debtor     Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

**X** */s/ Sean M. Beach*          Date  **01/26/2023**
Signature of attorney for debtor          MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-571-6600**     Email address  **sbeach@ycst.com**

**4070 DE**
Bar number and State

*Execution Version*

WRITTEN CONSENT OF
THE MANAGING MEMBER OF
ARSENAL INTERMEDIATE HOLDINGS, LLC

January 24, 2023

The undersigned, BR Intermediate Holdings, LLC, a Delaware limited liability company (the "Managing Member"), being the managing member of Arsenal Intermediate Holdings, LLC, a Delaware limited liability company (the "Company"), hereby takes the following action and ratifies, confirms and adopts the following recitals and resolutions by written consent in accordance with applicable law and the Amended and Restated Limited Liability Company Agreement of the Company dated December 23, 2021 (the "Operating Agreement"):

**WHEREAS**, the Company is the sole member of each of Arsenal Insurance Management, LLC, an Alabama limited liability company ("Arsenal Insurance"), and Arsenal Health, LLC, an Alabama limited liability company ("Arsenal Health," and together with Arsenal Insurance, the "Subsidiaries" and together with the Company, the "Debtor Companies");

**WHEREAS**, the Managing Member, on behalf of the Company and acting on behalf of the Company in the Company's capacity as the sole member of each of the Subsidiaries, has reviewed and considered the respective financial and operational conditions of the Debtor Companies and the Debtor Companies' respective businesses on the date hereof, including the historical performance of the Debtor Companies, the respective assets of the Debtor Companies, the respective current and long-term liabilities of the Debtor Companies, the markets for the Debtor Companies' services and assets, and credit market conditions;

**WHEREAS**, the Managing Member has received, reviewed, and considered the recommendations of the senior management of each of the Debtor Companies and the Debtor Companies' respective legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Managing Member has evaluated the Debtor Companies' alternatives to a possible bankruptcy proceeding under the provisions of the Bankruptcy Code;

**WHEREAS**, the Managing Member has appointed Michael Wyse of Wyse Advisors LLC ("Wyse Advisors") to the position of Chief Restructuring Officer (the "CRO") of the Debtor Companies;

**WHEREAS**, the Managing Member, on behalf of the Company and, acting on behalf of the Company in the Company's capacity as the sole member of each of the Subsidiaries, has determined that it is in the best interests of the Debtor Companies' and the Debtor Companies' respective stakeholders, creditors, and other interested parties to commence cases under the provisions of chapter 11 of the Bankruptcy Code; and

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of Bankruptcy Cases**

**RESOLVED**, that, in the judgment of the Member, it is desirable and in the best interests of the Company and each of the Subsidiaries, as well as their respective creditors, member, and other interested parties, that a voluntary petition (each, a "Petition" and, collectively, the "Petitions") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company and each of the Subsidiaries, thereby commencing cases (the "Bankruptcy Cases") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the officers of the Debtor Companies, including the CRO (each, an "Officer" and collectively, the "Officers") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of the Debtor Companies, to execute, acknowledge, deliver, and verify each Petition and all other documents ancillary to each Petition for the Debtor Companies for which such Officer serves as an officer, to cause the same to be filed with the Bankruptcy Court at such time as authorized by the Managing Member and to take all other actions such Officers are authorized by the Managing Member to take on behalf of the Debtor Companies to (i) to commence and prosecute the Bankruptcy Cases and (ii) perform the obligations under the Bankruptcy Code, in each case subject to any prior grant or limitation of authority of such Officers in the organizational documents of the Debtor Companies or in prior resolutions of the Managing Member; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed and empowered to represent the Debtor Companies as bankruptcy counsel and assist the Debtor Companies in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the Debtor Companies' respective rights, including the preparation of pleadings and filings in their Bankruptcy Cases; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Debtor Companies for which such Officer serves as an officer to cause

to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Debtor Companies for which such Officer serves as an officer, to cause to be filed an appropriate motion or application for authority to retain the services of Wyse Advisors to provide additional personnel as may be deemed necessary to assist the CRO in the performance of his duties as authorized by the Managing Member; and it is further

**RESOLVED**, that Kroll Restructuring Administration LLC ("Kroll") be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation and balloting agent, and administrative advisor in connection with the Bankruptcy Cases; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Debtor Companies for which such Officer serves as an officer to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

**Debtor-in-Possession Financing**

**RESOLVED**, that in connection with the commencement of Bankruptcy Cases by the Debtor Companies, any Officer, acting on behalf of the Debtor Companies for which such Officer serves as an officer, shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of such Debtor Companies, as debtors and debtors in possession, to negotiate, execute, and obtain post-petition financing, including under a debtor-in-possession credit facility, with the Managing Member or any of its affiliates; and to enter into any guarantees and to pledge and grant liens on their assets as may be contemplated by or required under the terms of such post-petition financing; and in connection therewith, any Officer, acting on behalf of the Debtor Companies for which such Officer serves as an officer, is hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further

**Sale Transaction**

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Debtor Companies for which such Officer serves as an officer, to market the Debtor Companies' respective assets for sale and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to section 363 of the Bankruptcy Code or otherwise, in each case subject to further authorization of the Member and subject to any prior grant or limitation of authority of such Officers in the organizational documents of the Debtor Companies or in prior resolutions of the Managing Member, acting on behalf of the Company and acting on behalf of the

Company in the Company's capacity as the sole member of each of the Subsidiaries, of any such sale; and it is further

**General Resolutions**

  **RESOLVED**, that the Managing Member, on behalf of the Company and acting on behalf of the Company in the Company's capacity as the sole member of each of the Subsidiaries, authorizes and directs the execution by the Debtor Companies such documents as may be required or as the Debtor Companies may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, subject to any prior grant or limitation of authority of the Company in the organizational documents of the Debtor Companies or in prior resolutions of the Managing Member; and it is further

  **RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports, and documents executed, delivered, or filed through the date hereof, by the Managing Member, any manager or Officer of the Debtor Companies in, for and on behalf of the Debtor Companies, in connection with the matters described in or contemplated by the foregoing resolutions, including the CRO solely and exclusively to the extent of his authority under the Operating Agreement or in prior resolutions of the Managing Member and as authorized by the Managing Member, are hereby approved, adopted, ratified, consented to and confirmed in all respects and for all purposes as the acts and deeds of the Debtor Companies as of the date such action or actions were taken; and it is further

  **RESOLVED**, that electronic copies of signatures to this written consent shall be deemed to be originals and may be relied on to the same extent as the originals.

  **RESOLVED**, that the actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Board duly called and constituted pursuant to the Debtor Companies operating agreements and applicable law.

IN WITNESS WHEREOF, the undersigned, being the Managing Member, has executed this written consent effective as of the date first above written.

**MANAGING MEMBER:**

**BR INTERMEDIATE HOLDINGS, LLC,**

By: _____
Name: Blake Wakefield
Title: President

[*Signature Page to Written Consent of Managing Member*]

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Arsenal Health, LLC | 83-4125247 |
| Arsenal Insurance Management, LLC | 20-4913390 |
| Arsenal Intermediate Holdings, LLC | 92-1762513 |

**Fill in this information to identify the case:**

Debtor name _____

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Rx Valet LLC<br>1580 Atkinson Road<br>Lawrenceville, GA 30043 | Rx Valet LLC<br>Attn : President or General Counsel<br>EMAIL: gsantulli@myrxvalet.com | Health Plan Services | Disputed | | | $244,342.74 |
| 2 | Milliman, Inc.<br>15800 W. Bluemound Road, Suite 100<br>Brookfield, WI 53005 | Milliman, Inc.<br>Attn : President or General Counsel<br>EMAIL: Fritz.Busch@milliman.com | Trade Debt | | | | $241,627.50 |
| 3 | Fringe Benefit Coordinators, Inc.<br>4500 NW 27th Ave<br>Gainesville, FL 32606 | Fringe Benefit Coordinators, Inc.<br>Attn : President or General Counsel<br>EMAIL: jay@benebay.com | Health Plan Services | Disputed | | | $239,830.96 |
| 4 | DirectWeb Administrative Services, LLC d/b/a Genius Avenue<br>4280 N. Campbell Avenue, Suite 200<br>Tucson, AZ 85718 | DirectWeb Administrative Services, LLC d/b/a Genius Avenue<br>Attn : President or General Counsel<br>EMAIL: matt@5lightsgroup.com | Trade Debt | Disputed | | | $130,105.42 |
| 5 | Selectsys Tech LLC<br>1905 Belcaro Dr<br>Knoxville, TN 37918 | Selectsys Tech LLC<br>Attn : President or General Counsel<br>EMAIL: tim.mcdonald@selectsys.com | Trade Debt | Disputed | | | $102,500.00 |
| 6 | Insuriun II, LLC<br>910 Ravenwood Drive<br>Selma, AL 36701 | Insuriun II, LLC<br>Attn : President or General Counsel<br>EMAIL: jennifer@talton.com | Customer Obligations | | | | $18,000.00 |
| 7 | Taylor Chandler, LLC<br>5151 Hampstead High St., Suite 200<br>Montgomery, AL 36116 | Taylor Chandler, LLC<br>Attn : President or General Counsel<br>EMAIL: btaylor@taylorchandler.com | Professional Services | | | | $10,546.93 |
| 8 | Iron Reassurance Company, LLC<br>5151 Hampstead High St., Suite 200<br>Montgomery, AL 36116 | Iron Reassurance Company, LLC<br>Attn : President or General Counsel<br>EMAIL: btaylor@taylorchandler.com | Customer Obligations | | | | $6,607.60 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 9  Tuggle Duggins, P.A.  400 Bellemeade Street, Suite 800  P.O. Box 2888-27402  Greensboro, NJ 27401 | Tuggle Duggins, P.A.  Attn; Sharon L. Nester  Snester@tuggleduggins.com | Professional Services | | | | $5,521.28 |
| 10  BevCap Management LLC  102 W. Virginia St., Suite 200  McKinney, TX 75069 | BevCap Management LLC  Attn : President or General Counsel  EMAIL: abbott@bevcapmanagement.com | Insurance | | | | $3,862.64 |
| 11  Alabama Department of Revenue  Business Privilege Tax Section  P.O. Box 327320  Montgomery, AL 36132-7320 | Alabama Department of Revenue  Attn : President or General Counsel | Licensing | | | | $2,050.00 |
| 12  Alabama Department of Insurance  P.O.Box 303351  Montgomery, AL 36130-3351 | Alabama Department of Insurance  Attn : President or General Counsel | Taxes | | | | $364.00 |
| 13  State of Tennessee  500 Deaderick Street  Nashville, TN 37242 | State of Tennessee  Attn : President or General Counsel | Licensing | | | | $200.00 |
| 14  CS Disco, Inc.  P.O. Box 670533  Dallas, TX 75267-0533 | CS Disco, Inc.  Attn : President or General Counsel  EMAIL: conners@csdisco.com | Professional Services | | | | $122.42 |
| 15  Iron Reinsurance Company, Inc.  5151 Hampstead High Street  Montgomery, AL 36116 | Iron Reinsurance Company, Inc.  Attn : President or General Counsel  EMAIL: davidlaw@charter.net | Contract Counterparty | Contingent, Unliquidated, Disputed | | | Undetermined |
| 16  Norman Chandler  562 Castlebridge Lane  Shoal Creek, AL 35242 | Norman Chandler  EMAIL: nchandler@taylorchandler.com | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 17  Justin Law  1143 1st Avenue South 310  Birmingham, AL 35233 | Justin Law  EMAIL : jlaw@taylorchandler.com | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARSENAL INTERMEDIATE HOLDINGS, LLC, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 23-_____ (____)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. Debtor Arsenal Intermediate Holdings, LLC ("Arsenal Intermediate") is wholly- owned by non-debtor BR Intermediate Holdings, LLC. The mailing address of BR Intermediate Holdings, LLC is 3101 North Central Avenue, Suite 400, Phoenix, Arizona 85012. The mailing address of Arsenal Intermediate and each of its subsidiaries is 7027 Halcyon Park Drive, Montgomery, Alabama 36117 c/o 3H Agent Services, Inc.

2. Debtor Arsenal Insurance Management, LLC is wholly-owned by Arsenal Intermediate.

3. Debtor Arsenal Health LLC is wholly-owned by Arsenal Intermediate.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Arsenal Intermediate Holdings, LLC (2513), Arsenal Insurance Management, LLC (3990), and Arsenal Health, LLC (5247). The Debtors' mailing address for the purposes of these chapter 11 cases is 7027 Halcyon Park Drive, Montgomery, Alabama 36117, c/o 3H Agent Services, Inc.

**Fill in this information to identify the case:**

Debtor name      **Arsenal Health, LLC**

United States Bankruptcy Court for the:    **DISTRICT OF DELAWARE**

Case number (if known)

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Combined Corporate Ownership Statement and Equity Holders List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **01/26/2023**          X    */s/ Michael Wyse*
                                             Signature of individual signing on behalf of debtor

                                             **Michael Wyse**
                                             Printed name

                                             **Chief Restructuring Officer**
                                             Position or relationship to debtor

19002 09/12/2022 12:15 PM

| SCHEDULE C (Form 1040) | | Profit or Loss From Business (Sole Proprietorship) | | OMB No. 1545-0074 |
|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | | ▶ Go to www.irs.gov/ScheduleC for instructions and the latest information. ▶ Attach to Form 1040, 1040-SR, 1040-NR, or 1041; partnerships generally must file Form 1065. | | 2021 Attachment Sequence No. 09 |

Name of proprietor: NORMAN M CHANDLER
Social security number (SSN): 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

A Principal business or profession, including product or service (see instructions): INSURANCE
B Enter code from instructions: ▶ 524290

C Business name. If no separate business name, leave blank: ARSENAL HEALTH LLC
D Employer ID number (EIN) (see instr.): 83-4125247

E Business address (including suite or room no.) ▶ 5151 HAMPSTEAD HIGH STREET
City, town or post office, state, and ZIP code: MONTGOMERY    AL  36116

F Accounting method: (1) [X] Cash  (2) [ ] Accrual  (3) [ ] Other (specify) ▶
G Did you "materially participate" in the operation of this business during 2021? If "No," see instructions for limit on losses ........ [X] Yes [ ] No
H If you started or acquired this business during 2021, check here ▶ [ ]
I Did you make any payments in 2021 that would require you to file Form(s) 1099? See instructions ........ [X] Yes [ ] No
J If "Yes," did you or will you file required Form(s) 1099? ........ [X] Yes [ ] No

### Part I  Income

| | | | |
|---|---|---|---:|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked ▶ [ ] | 1 | 2,562,175 |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 2,562,175 |
| 4 | Cost of goods sold (from line 42) | 4 | |
| 5 | Gross profit. Subtract line 4 from line 3 | 5 | 2,562,175 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | 6 | |
| 7 | Gross income. Add lines 5 and 6 ▶ | 7 | 2,562,175 |

### Part II  Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | | | |
|---|---|---|---:|---|---|---|---:|
| 8 | Advertising | 8 | 4,163 | 18 | Office expense (see instructions) | 18 | 1,966 |
| 9 | Car and truck expenses (see instructions) | 9 | | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees | 10 | | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion | 12 | | b | Other business property | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) | 13 | | 21 | Repairs and maintenance | 21 | |
| | | | | 22 | Supplies (not included in Part III) | 22 | |
| | | | | 23 | Taxes and licenses | 23 | 25,903 |
| | | | | 24 | Travel and meals: | | |
| 14 | Employee benefit programs (other than on line 19) | 14 | | a | Travel | 24a | 12,998 |
| | | | | b | Deductible meals (see instructions) | 24b | 4,272 |
| 15 | Insurance (other than health) | 15 | | | | | |
| 16 | Interest (see instructions): | | | 25 | Utilities | 25 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) | 26 | 589,704 |
| b | Other | 16b | 26,163 | | | | |
| | | | | 27a | Other expenses (from line 48) | 27a | 51,589 |
| 17 | Legal and professional services | 17 | 74,969 | b | Reserved for future use | 27b | |
| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27a ▶ | | | | | 28 | 791,727 |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 | | | | | 29 | 1,770,448 |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method. See instructions. Simplified method filers only: enter the total square footage of: (a) your home: _____ and (b) the part of your home used for business: _____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 | | | | | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29. • If a profit, enter on both Schedule 1 (Form 1040), line 3 and on Schedule SE, line 2. (If you checked the box on line 1, see instructions). Estates and trusts, enter on Form 1041, line 3. • If a loss, you must go to line 32. | | | | | 31 | 1,770,448 |
| 32 | If you have a loss, check the box that describes your investment in this activity. See instructions. • If you checked 32a, enter the loss on both Schedule 1 (Form 1040), line 3 and on Schedule SE, line 2. (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on Form 1041, line 3. • If you checked 32b, you must attach Form 6198. Your loss may be limited. | | | | | 32a [ ] All investment is at risk 32b [ ] Some investment is not at risk | |

For Paperwork Reduction Act Notice, see the separate instructions.    Schedule C (Form 1040) 2021
DAA

NORMAN M CHANDLER	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
Schedule C (Form 1040) 2021  INSURANCE	Page 2

## Part III  Cost of Goods Sold (see instructions)

33  Method(s) used to value closing inventory:  a ☐ Cost   b ☐ Lower of cost or market   c ☐ Other (attach explanation)

34  Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation ......... ☐ Yes  ☐ No

| | | |
|---|---|---|
| 35 | Inventory at beginning of year. If different from last year's closing inventory, attach explanation | 35 | |
| 36 | Purchases less cost of items withdrawn for personal use | 36 | |
| 37 | Cost of labor. Do not include any amounts paid to yourself | 37 | |
| 38 | Materials and supplies | 38 | |
| 39 | Other costs | 39 | |
| 40 | Add lines 35 through 39 | 40 | |
| 41 | Inventory at end of year | 41 | |
| 42 | Cost of goods sold. Subtract line 41 from line 40. Enter the result here and on line 4 | 42 | |

## Part IV  Information on Your Vehicle.
Complete this part **only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562.

43  When did you place your vehicle in service for business purposes? (month, day, year) ▶ ...............

44  Of the total number of miles you drove your vehicle during 2021, enter the number of miles you used your vehicle for:

a  Business ...............   b  Commuting (see instructions) ...............   c  Other ...............

45  Was your vehicle available for personal use during off-duty hours?  ☐ Yes  ☐ No
46  Do you (or your spouse) have another vehicle available for personal use?  ☐ Yes  ☐ No
47a Do you have evidence to support your deduction?  ☐ Yes  ☐ No
  b If "Yes," is the evidence written?  ☐ Yes  ☐ No

## Part V  Other Expenses. List below business expenses not included on lines 8-26 or line 30.

| | |
|---|---:|
| DUES & SUBSCRIPTIONS | 4,941 |
| BANK CHARGES | 454 |
| FUEL | 404 |
| POSTAGE | 1,160 |
| PRINTING | 1,183 |
| SOFTWARE | 38,446 |
| TELEPHONE | 3,918 |
| OTHER | 20 |
| WEBSITE EXPENSE | 1,063 |

48  Total other expenses. Enter here and on line 27a	48	51,589

DAA	Schedule C (Form 1040) 2021

### P&L Comparative YTD
### Arsenal Total

| | YTD | | | | Variance to PY | |
|---|---|---|---|---|---|---|
| | 2022 | | 2021 | | | |
| | Actual | % of Rev | Actual | % of Rev | $ | % |
| **Total Revenue** | 1,315,779 | | 7,241,449 | | (5,925,670) | -81.8% |
| Compensation | 1,990,837 | 151.3% | 1,669,914 | 23.1% | 320,923 | 19.2% |
| Benefits | 118,329 | 9.0% | 72,865 | 1.0% | 45,464 | 62.4% |
| Producer Commissions | 20,000 | 1.5% | - | 0.0% | 20,000 | |
| Business Insurance | 43,971 | 3.3% | 70,374 | 1.0% | (26,403) | -37.5% |
| Professional Fees | 424,227 | 32.2% | 306,758 | 4.2% | 117,469 | 38.3% |
| Facilities | 188,942 | 14.4% | 186,654 | 2.6% | 2,288 | 1.2% |
| Technology | 126,608 | 9.6% | 130,282 | 1.8% | (3,674) | -2.8% |
| T&E | 203,034 | 15.4% | 160,955 | 2.2% | 42,078 | 26.1% |
| Other Expenses | 118,728 | 9.0% | 67,117 | 0.9% | 51,611 | 76.9% |
| **Total Operating Expenses** | **3,234,675** | **245.8%** | **2,664,919** | **36.8%** | **569,756** | **21.4%** |
| **Adjusted EBITDA** | $ (1,918,896) | | $ 4,576,530 | | (6,495,426) | -141.9% |
| % of Revenue | -145.8% | | 63.2% | | | -209.0% |
| Non-Recurring | 42,493,335 | | 777,687 | | 41,715,648 | 5364.1% |
| **EBITDA** | **(44,412,231)** | | **3,798,843** | | **(48,211,074)** | **-1269.1%** |
| Depreciation Expense | 6,037 | | 0 | | 6,037 | |
| Amortization Expense | 4,584,855 | | 150,000 | | 4,434,855 | 2956.6% |
| **Operating Income** | **(49,003,122)** | | **3,648,843** | | **(52,651,965)** | **-1443.0%** |
| Other (Income) Expense | 0 | | 0 | | - | |
| Interest Expense (Income) | 0 | | 68,566 | | (68,566) | -100.0% |
| **Pretax Net Income** | **(49,003,122)** | | **3,580,278** | | **(52,583,400)** | **-1468.7%** |
| Income Tax Expense | 0 | | 3,147 | | (3,147) | -100.0% |
| **Net Income** | **(49,003,122)** | | **3,577,131** | | **(52,580,253)** | **-1469.9%** |

|  | Balance Sheet Arsenal Total | | | |
|---|---|---|---|---|
|  |  |  | Variance to Prior Y/E | |
|  | Dec 2022 | Dec 2021 | $ | % |
| Cash and cash equivalents | (2,775) | 20,711 | (23,487) | -113% |
| Accounts receivable | 112,401 | 2,776,652 | (2,664,252) | -96.0% |
| Unbilled accounts receivable | - | 94,347 | (94,347) | -100.0% |
| Prepaid expenses and other assets | 89,390 | 73,329 | 16,061 | 21.9% |
| **Current Assets** | **199,015** | **2,965,039** | **(2,766,023)** | **-93.3%** |
| Property and equipment, net | 159,744 | - | 159,744 | 0.0% |
| Goodwill, net | (0) | 44,979,561 | (44,979,561) | -100.0% |
| Intangibles, net | - | 366,000 | (366,000) | -100.0% |
| Intercompany | (709,840) | - | (709,840) | 0.0% |
| **Non-Current Assets** | **(550,095)** | **45,345,561** | **(45,895,656)** | **-101.2%** |
| **Assets** | **(351,080)** | **48,310,599** | **(48,661,679)** | **-100.7%** |
|  |  |  |  |  |
| Accounts payable | 235,709 | 291,244 | (55,535) | -19.1% |
| Accrued Liabilities | 326,778 | 67,296 | 259,482 | 385.6% |
| **Current Liabilities** | **562,487** | **358,540** | **203,948** | **56.9%** |
| 25050-Lease liability | 137,495 | - | 137,495 | 0.0% |
| Other Non-Current Liabilities | 137,495 | - |  |  |
| **Non-Current Liabilities** | **137,495** | **-** | **137,495** | **0.0%** |
| **Liabilities** | **699,982** | **358,540** | **341,443** | **95.2%** |
| Members' equity | 47,952,060 | 47,952,060 | - | 0.0% |
| Noncontrolling interests | - | - | - | 0.0% |
| Retained Earnings (Loss) | (49,003,122) | - | (49,003,122) | 0.0% |
| **Equity** | **(1,051,062)** | **47,952,060** | **(49,003,122)** | **-102.2%** |

## Arsenal Total
### Statement of Cash Flows

|  | Unaudited 2022 |
|---|---:|
| **OPERATING ACTIVITIES** |  |
| Net Income | $ (49,003,122) |
| **Adjustments to reconcile net income to cash provided by operations:** |  |
| Depreciation and amortization expense | 4,590,891 |
| Provision for bad debt | - |
| Loss on Impairment | 41,386,360 |
| **Changes in operating assets and liabilities (net of acquisitions):** |  |
| Accounts receivable | 2,132,944 |
| Prepaid and other current assets | (16,061) |
| Accounts payable | (55,535) |
| Accrued expenses | 259,482 |
| Lease liablity | 1,354 |
| **Net cash provided by Operating Activities** | **(703,687)** |
|  |  |
| **INVESTING ACTIVITIES** |  |
| Purchases of fixed assets | (29,640) |
| **Net cash provided by Investing Activities** | **(29,640)** |
|  |  |
| **FINANCING ACTIVITIES** |  |
| Funding from Parent Company | 709,840 |
| **Net cash provided by Financing Activities** | **709,840** |
| Net cash increase (decrease) for period | (23,486) |
| Cash at beginning of period | 20,711 |
| Cash at end of period | $ (2,775) |